UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| PEDRO HENRIQUE ALVES DE SOUZA, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> ANTONE MONIZ, Superintendent, Plymouth ) <br> Correctional Facility, PATRICIA HYDE, ) <br> Boston Field Office Director, U.S. Immigration ) <br> and Customs Enforcement and Removal ) <br> Operations; TODD LYONS, Acting Director ) <br> U.S. Immigrations and Customs Enforcement, ) <br> KRISTI NOEM, U.S. Secretary of Homeland ) <br> Security, US DEPARTMENT OF HOMELAND ) <br> SECURITY; and PAMELA BONDI, Attorney ) <br> General of the United States, ) <br> ) <br> Respondents. ) <br> ) | Civil Action No. 25-cv-13334-MJJ |

**MEMORANDUM OF DECISION AND ORDER**

December 1, 2025

JOUN, D.J.

Pedro Henrique Alves de Souza ("Mr. Alves de Souza" or "Petitioner") petitions the Court under 28 U.S.C. § 2241 and the Due Process Clause of the Fifth Amendment for relief from detention at the Plymouth County Correctional Facility.

**I.    BACKGROUND**

Mr. Alves de Souza is a citizen of Brazil. [Doc. No 1 at ¶ 14; Doc. No. 10-1 at ¶ 6]. After entering the United States without inspection on or about August 20, 2024, Mr. Alves de Souza encountered United States Border Patrol ("USBP"); he was placed into removal proceedings under the Immigration Nationality Act ("INA") § 235(b)(1) or 8 U.S.C. § 1225(b)(1). [Doc. No 1

1

at ¶ 14; Doc. No. 10-1 at ¶ 7]. On or about August 20, 2024, USBP issued a Form I-860, Notice and Order of Expedited Removal under Section 8 U.S.C. § 1225(b)(1). [Doc. No. 10-2]. Mr. Alves de Souza subsequently claimed a fear of return to Brazil. [Doc. No. 10-1 at ¶ 8]. After a credible fear interview, an asylum officer determined that Mr. Alves de Souza had established a credible fear of persecution. [Doc. No. 1 at ¶ 15; Doc. No. 10-1 at ¶ 10]. As a result, on September 21, 2024, the Department of Homeland Security ("DHS") vacated his expedited removal order. [*Id*.]. That same day, DHS issued a Notice to Appear, which stated that Mr. Alves de Souza was in removal proceedings under section 240 of the INA or 8 U.S.C. § 1299a. [Doc. No. 11-1].

On or around September 27, 2024, ICE released Mr. Alves de Souza on interim parole pursuant to its authority under section 212(d)(5)(A) of the INA or 8 U.S.C. § 1182. [Doc No. 10-3]. This parole automatically terminated after one year and was conditioned on the Mr. Alves de Souza's enrollment in an Alternatives to Detention ("ATD") Program that required him to report to ICE as scheduled. [Doc. No. 10-1 at ¶ 11]. According to Respondents, on or around February 27, 2025, Mr. Alves de Souza failed to report to a virtual home visit in violation of the conditions of his ATD. [*Id*. at ¶ 12]. Around eight months later, on November 2, 2025, ICE terminated Mr. Alves de Souza's enrollment in the ATD program, issued a Form I-200, Warrant for Arrest, and detained Mr. Alves de Souza at the Burlington, Massachusetts Intensive Supervision Appearance Program ("ISAP") Office. [*Id*. at ¶ 13]. On or around November 3, 2025, ICE transferred Mr. Alves de Souza to the Plymouth County Correctional Facility in Plymouth, Massachusetts, and he remains detained there. [*Id*. at ¶¶ 13, 15].

## II.  ANALYSIS

### A.  **Detention**

"The Immigration and Nationality Act (INA), 66 Stat. 163, as amended, 8 U.S.C. § 1101 et seq., sets out 'how persons are admitted to, and removed from, the United States.'" *Campos-Chaves v. Garland*, 602 U.S. 447, 451 (2024). "An alien is removable if he is either 'inadmissible' under § 1182 or 'deportable" under § 1227.'" *Id*. (citing 8 U.S.C. § 1229a(e)(2)). As relevant here, 8 U.S.C. § 1182(7)(A)(i)(I) ("Section 1182(7)(A)(i)(I)") applies to Mr. Alves de Souza; at the time of his entry into the United States, Mr. Alves de Souza "was not in possession of a valid unexpired immigrant visa, reentry permit, border crossing identification card, or other valid entry document . . ." And where Section 1182(7)(A)(i)(I) applies, an immigration officer "shall order the alien removed from the United States without further hearing or review unless the alien indicates either an intention to apply for asylum under section 1158 of this title or a fear of persecution." 8 U.S.C. § 1225(b)(1). Here, Mr. Alves de Souza applied for asylum and established a credible fear of persecution. As a result, his expedited removal order was vacated and he was issued a Notice to Appear under 8 U.S.C. § 1229a ("Section 1229a), which governs removal proceedings. Typically, "the alien shall be detained for further consideration of the application for asylum." 8 U.S.C. § 1225(b)(1)(B)(ii). However, Mr. Alves de Souza was conditionally paroled under 8 U.S.C. § 1182(d)(5)(A).[1]

---

[1] 8 U.S.C. § 1182(d)(5)(a) states the following:

> The Secretary of Homeland Security may, except as provided in subparagraph (B) or in section 1184(f) of this title, in his discretion parole into the United States temporarily under such conditions as he may prescribe only on a case-by-case basis for urgent humanitarian reasons or significant public benefit any alien applying for admission to the United States, but such parole of such alien shall not be regarded as an admission of the alien and when the purposes of such parole shall, in the opinion of the Secretary of Homeland Security, have been served the alien shall forthwith return or be returned to the custody from which he was paroled and thereafter his case shall continue to be dealt with in the same manner as that of any other applicant for admission to the United States.

Respondents contend that Mr. Alves de Souza is subject to mandatory detention under 8 U.S.C. § 1225(b)(1) ("Section 1225(b)(1)"), while Mr. Alves de Souza contends that the termination of his expedited removal order also terminated the Section 1225(b) process, and that he is subject to discretionary detention under 8 U.S.C. § 1226(a)[2] ("Section 1226(a)"). In *Rincon*, Judge Murphy, relying on the Supreme Court decision in *Jennings v. Rodriguez,* 583 U.S. 281, 302 (2018), found that a petitioner, like Mr. Alves de Souza, who was seeking consideration of his asylum application and in removal proceedings pursuant to Section 1299a, continued to be detained pursuant to Section 1225(b)(1), "notwithstanding his case's transfer from expedited removal into section 1229a proceedings." *Rincon v. Hyde*, 25-cv-12633, 2025 WL 3122784 at *3 (D. Mass. Nov. 7, 2025). I agree with and adopt Judge Murphy's reasoning and hold that Mr. Alves de Souza's detention is governed by Section 1225(b). Like in *Rincon*, Mr. Alves de Souza's expedited removal order was vacated and he entered into Section 1229a proceedings. *Id*. Thus, Mr. Alves de Souza remains detained under Section 1225 "throughout the completion of applicable proceedings." *Id*. (citing *Jennings*, 583 U.S. at 302).[3]

B. **Constitutional Rights**

Additionally, Mr. Alves de Souza argues that his detention without a bond hearing violates the Due Process clause. Respondents argue that Mr. Alves de Souza is ineligible for constitutional due-process protections because he has never been admitted into the United States and thus remains an applicant for admission. In support of their argument, Respondents point to

---

[2] 8 U.S.C. § 1226(a) states, "On a warrant issued by the Attorney General, an alien *may* be arrested and detained pending a decision on whether the alien is to be removed from the United States." (emphasis added).

[3] This finding is supported by the language of 8 U.S.C. § 1182(d)(5)(a), which specifically outlines that a petitioner remains an applicant for admission despite a grant of parole pursuant to Section 1182(d)(5)(a) and that said petitioner should be returned to custody upon completion of parole.

4

the Supreme Court's decision in *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 140 (2020), which held that an asylum seeker, who was detained 25 yards over the border and who entered the country within 24 hours of his apprehension, was still considered an applicant for admission not subject to Due Process protections. I again adopt and agree with Judge Murphy's reasoning that "Petitioner's situation is unlike Thuraissigiam's in two important respects." *Rincon*, 2025 WL 3122784 at *5. Mr. Alves de Souza "does not challenge any part of his actual removal proceedings" and he "was not 25 yards over the border; nor was he maintained in an immigration processing center." *Id*. at *5–6. Rather, Mr. Alves de Souza lived in Massachusetts for more than a year. Thus, *Thuraissigiam* is inapplicable here, and Mr. Alves de Souza "is subject to the Fifth Amendment's due-process protections." *Rincon*, 2025 WL 3122784 at *7.

I also adopt and agree with Judge Murphy's reasoning that the *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976) factors weigh in favor of Mr. Alves de Souza. *Rincon*, 2025 WL 3122784 at *10. Like in *Rincon*, Mr. Alves de Souza has no criminal history, his private interest from freedom from imprisonment is strong, he was granted parole under 8 U.S.C. § 1182(d)(5)(a) and has resided in the country for more than a year, his "only mechanism . . . to test the propriety of his detention is DHS's discretionary authority to grant parole," and finally, although an administrative burden to the government, the cost of a bond hearing is "relatively minimal." *Id*. at *9.

## III. CONCLUSION

For the foregoing reasons, the Petition for Writ of Habeas is <u>GRANTED</u>. Respondents are <u>ORDERED</u> to provide Mr. Alves de Souza with a bond hearing within 10 days of this Order. The Respondents are further <u>ORDERED</u> to file a status report within 24 hours of the bond

hearing, stating whether Mr. Alves de Souza has been granted bond, and, if his request for bond was denied, the reasons for that denial.

SO ORDERED.

                                                  /s/ Myong J. Joun
                                                  United States District Judge